IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| YANCY EZRA BAILEY #18353 | : |
| | : CASE NO.: CCB-13-2974 |
| Plaintiff | : |
| v. | : |
| | : |
| WEXFORD HEALTH SOURCES, INC. | : |
| | : |
| Defendant | : |

## AFFIDAVIT

STATE OF MARYLAND

COUNTY of : _Cumberland_

Colin Ottey, M.D., being duly sworn, certifies that he is over the age of eighteen (18) years, is competent to testify to the matters stated herein and has personal knowledge of the following matters:

1. Affiant is a physician licensed by the State of Maryland's Board of Physicians to practice medicine. Affiant is employed by Wexford Health Sources, Inc. ("Wexford").

2. Affiant presently serves as the Medical Director of Western Correctional Institution where Plaintiff was formerly confined.

3. Affiant has personally evaluated Plaintiff and is familiar with the allegations raised by Plaintiff in his Complaint that Plaintiff received inadequate care for his right hand and wrist and that Plaintiff should be seen by a hand specialist.

4. Affiant has reviewed Plaintiff's relevant medical records a copy of which

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{044963.DOC} 1

DEFENDANT'S EXHIBIT 2

is attached hereto as Exhibit 1. Said records are true and accurate and maintained by Wexford in the ordinary course of business.

5. Plaintiff is a thirty-three year old male with a medical and mental history significant for history of asthma, emphysema, chronic obstructive pulmonary disease bipolar, borderline personality disorder and schizophrenia.

6. On June 29, 2013, Plaintiff attempted suicide by using a razor from his hygiene kit to cut a 5 cm superficial laceration into the radial region of Plaintiff's right hand. Plaintiff was seen and evaluated by medical staff for the injury which resulted in the placement of sutures to close the wound. Additionally, Plaintiff was transferred to In-patient Mental Health Unit (IMHU) for acute management of his mental health issues.

7. On July 4, 2013, Plaintiff was seen by JoAnne Hartung, R.N. for an unscheduled nurse visit due to Plaintiff injuring his right hand by hitting his cell wall. The knuckle of Plaintiff's middle right finger was swollen and tender to the touch with the skin abraded off in a one inch circle.

8. On July 5, 2014, Plaintiff was seen at Mercy Hospital. At that time, his hand injury was assessed and he was diagnosed with a boxer's fracture for which Plaintiff was given a splint.

9. On return from Mercy Hospital, Plaintiff was evaluated that same day by Rosyln Deshields, NP. At that time, Plaintiff's Mercy Hospital discharge summary was reviewed. Additionally, Deshields assessed Plaintiff's wrist laceration and noted that his sutures were intact, but inflamed. However, no drainage was observed. Plaintiff's right hand was observed to be swollen with mildly reduced range of motion.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{044963.DOC}　　　　　　　　　　　　2

Deshields ordered wound-care for Plaintiff's right hand laceration to be treated with a topical ointment and sterile dressing daily. Plaintiff was given an antibacterial ointment and an ice pack. Deshields ordered Naprosyn for pain and a follow-up x-ray of Plaintiff's right hand. The results of the x-ray revelaed no acute fracture.

10. On July 10, 2013, Plaintiff was seen by Virendra Chhunchha, M.D. for a provider chronic care visit. At that time, Dr. Chhunchha noted that Plaintiff's stitches were ready to be removed. It was also noted that Plaintiff's swelling had reduced, the area was healing well and that Plaintiff's range of motion was good. Dr. Chhunchha removed Plaintiff's stitches without difficulty and a topical antibacterial ointment was applied.

11. On July 12, 2013, Plaintiff was seen by JoAnne Hartung R.N. for an unscheduled nurse visit due to Plaintiff cutting his wrist with a razor in the same place as Plaintiff's previous self-mutilation. It was noted that the wound was deeper this time and was roughly four inches in size. The wound was cleaned, and sterile strips and dry dressing was applied. After, Plaintiff was medically cleared he was transferred to IMHU for management of his acute mental health issues

12. On July 20, 2013, Plaintiff was seen by nursing staff after bleeding from his right wrist was observed. Plaintiff was awake, alert and oriented and Plaintiff's vital signs were within normal limits. Plaintiff's respiration was even and unlabored. A cut measuring 3cm x .5cm was observed on Plaintiff's right wrist. Plaintiff was not observed to be in any distress. Plaintiff stated that he cut himself because his stress level was high, but was lower after Plaintiff reopened his wound. Plaintiff denied suicidal ideations. The wound was cleaned and an antibiotic ointment and ace-

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400 BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

bandage was applied. Plaintiff refused sterile strips. The on-call psychiatrist was notified and Plaintiff was transferred back to IMHU.

13. On July 21, 2013, Plaintiff was seen by Emmanuel Arhin, P.A. for a health assessment related to Plaintiff's intentional reopening of his self-inflicted wrist wound. P.A. Arhin noted that Plaintiff intentionally detangled the sutures in his wrist thereby destroying the integrity of the suture. Plaintiff also removed steri-strips that were in place to keep the wound closed. Plaintiff's wound was described as "old". The wound was treated with antibiotic ointment and gauze.

14. On July 22, 2013, Plaintiff was transferred to Mercy Hospital for a forensic evaluation after he claimed he had been sexually assaulted. Plaintiff later admitted to fabricating the allegation of sexual assault. While at Mercy Hospital, Plaintiff raised complaints regarding his right hand. On examination of Plaintiff's hand by Mercy Hospital physicians, it was noted that Plaintiff's wrist had a 6 cm open wound with a scab growing in the center. The wound was granulating from the sides. However, full, active range of motion was observed with strength noted as a five out of five in the hand. A bandage was placed on the wound. Scott McPherson, M.D. recommended that Plaintiff see a hand specialist, Dr. James Carlton, in two days. Plaintiff was released back to custody.

15. On return to the correctional facility, the request for evaluation of a hand specialist was noted. However, it was determined by Affiant that based on Plaintiff's clinical condition that conservative treatment, including physical therapy should be implemented before a surgical consult would be considered. Subsequently, physical therapy for Plaintiff's hand was approved and on August 22,

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{044963.DOC} 4

2013, Plaintiff received his first physical therapy session. On that date, Plaintiff's laceration was noted to be healed.

16. Plaintiff was seen on September 19, 2013 for a physical therapy recertification. Plaintiff stated that his wrist and forearm were "doing a little better". It was observed that Plaintiff's wound area was healed with some scar tissue noted. Plaintiff's forearm and elbow motion was within normal limits. Plaintiff's active range of motion in his fingers and thumb were within normal limits. Plaintiff was able to obtain a functional grip position. Plaintiff had full thumb opposition. Physical therapy was continued for six more sessions. The goal was to improve Plaintiff's wrist strength and establish a self management program.

17. On October 28, 2013, Plaintiff was seen by Nicole Zacot, LPN due to Plaintiff's complaint of a swollen right hand. Plaintiff sustained the injury from punching a wall when he became angry. LPN Zacot informed Affiant who in turn ordered an x-ray of Plaintiff's hand and to follow-up with a provider. The x-ray results showed no evidence of an acute fracture, dislocation, or subluxation. The findings were reviewed with Plaintiff.

18. On December 8, 2013, Plaintiff was seen by Nurse Meyers because Plaintiff had once again cut his right wrist. Plaintiff stated he did this because he was depressed and not taking his medication. The wound was 2 inches long and a quarter inch deep. Plaintiff was placed on suicide precaution and was observed to be sleeping. Sterile strips were applied to Plaintiff's wrist. Plaintiff was seen by Affiant later that day. At that time, Affiant placed 11 staples in Plaintiff's arm to close the wound. Plaintiff was to be monitored for potential infection of the wound. Affiant

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{044963.DOC} 5

noted that Plaintiff had decreased extension of the right second, third, fourth and fifth fingers and was unable to make a fist. Subsequently, additional physical therapy for Plaintiff's right hand was recommended.

19. On December 15, 2013, Plaintiff was seen by Affiant and at that time it was observed that Plaintiff had improved range of motion in the fingers of his right hand. On December 20, 2013, the staples were removed from Plaintiff's arm and antibiotic ointment was applied to the area.

20. On December 24 and December 31, 2013 and January 7 and 8, 2014, Plaintiff received physical therapy for his hand.

21. In Affiant's medical opinion to a reasonable degree of medical probability, the care and treatment of Plaintiff's hand and wrist have been complicated by his continued re-injury of the extremity including, self-mutilation, tampering with placed sutures and punching of stationary objects.

22. However, In Affiant's medical opinion to a reasonable degree of medical probability, Plaintiff received appropriate medical treatment for his right hand and wrist injuries. Furthermore, in Affiant's medical opinion to a reasonable degree of medical probability physical therapy has been effective for Plaintiff's hand by increasing strength, range of motion and addressing Plaintiff's complaints of pain and stiffness on use of the hand. Plaintiff has also been taught an exercise program that he can complete on his own to continue to increase Plaintiff's strength and range of motion in his right hand.

23. Presently, Plaintiff is no longer under the medical care of Wexford as Plaintiff is now incarcerated in Allegany County Detention Center.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400 BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

I DO SOLEMNLY DECLARE AND AFFIRM, under penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information and belief.

_____  
Colin Ottey, M.D.

2/14/14  
Date

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{044963.DOC}    7